## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT DELAWARE

ROSEBUD LMS, INC.,
d/b/a ROSEBUD PLM,

        Plaintiff,

        v.

ADOBE SYSTEMS INCORPORATED,

        Defendant.

C.A. No. 12-1141-SLR

**JURY TRIAL DEMANDED**

## ADOBE SYSTEMS INC.'S ANSWER AND COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Adobe Systems, Inc. ("Adobe") responds as follows to the Complaint filed against it by plaintiff Rosebud LMS, Inc., d/b/a Rosebud PLM ("Rosebud" or "Plaintiff").

## COMPLAINT FOR PATENT INFRINGEMENT, VIOLATION OF SOFTWARE LICENSE AGREEEMENT [SIC], CONVERSION, UNJUST ENRICHMENT, FRAUDULENT MISREPRESENTATION AND, ALTERNATIVELY, CORRECTION OF INVENTORSHIP

1.      Answering paragraph 1, Adobe admits that Plaintiff is alleging patent infringement, conversion, unjust enrichment, fraudulent misrepresentation, violations of a software license agreement and, in the alternative, correction of inventorship.

## PARTIES

2.      Answering paragraph 2, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

3.      Answering paragraph 3, Adobe admits the allegations contained therein.

## JURISDICTION AND VENUE

4.      Answering paragraph 4, Adobe admits that this action arises, in part, under the patent laws of the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction over this action, but denies that it infringes any valid claim of U.S. Patent No. 8,046,699 (the "'699 Patent").

5.      Answering paragraph 5, Adobe admits that venue is proper as to it in this District because Adobe is incorporated in this District and thus subject to personal jurisdiction in this District.  Adobe denies that any of its products infringe any valid claim of the '699 Patent, and further denies that venue can be based on any improper acts committed by Adobe in this District, because no such acts have been committed.

## SUMMARY OF COUNTS AGAINST ADOBE

6.      Answering paragraph 6, Adobe denies the allegations contained therein.

7.      Answering paragraph 7, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

8.      Answering paragraph 8, Adobe admits that it filed U.S. Pat. App. No. 10/858,857 ("the '857 Application"), which issued on October 13, 2009 as U.S. Pat. No. 7,603,357 ("the '357 Patent"), but denies the remaining allegations contained therein.

## FACTUAL BACKGROUND

9.      Answering paragraph 9, Adobe admits that U.S. Pat. App. No. 10/127,777 ("the '777 Application") was filed on April 22, 2002 and that U.S. Pat. No. 7,454,760 ("the '760 Patent") issued on November 18, 2008.  Adobe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies such allegations.

2

10.     Answering paragraph 10, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

11.     Answering paragraph 11, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

12.     Answering paragraph 12, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

13.     Answering paragraph 13, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

14.     Answering paragraph 14, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

15.     Answering paragraph 15, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

16.     Answering paragraph 16, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

17.     Answering paragraph 17, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

18.     Answering paragraph 18, Adobe admits that it filed the '857 Application entitled "Collaborative Asset Management," which issued on October 13, 2009 as the '357 Patent, and listed no Rosebud inventors.  Adobe is without knowledge or information sufficient to form a

3

belief as to the truth of the remaining allegations contained therein, and on that basis denies such allegations.

19.     Answering paragraph 19, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

20.     Answering paragraph 20, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

21.     Answering paragraph 21, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

22.     Answering paragraph 22, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

23.     Answering paragraph 23, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

24.     Answering paragraph 24, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

25.     Answering paragraph 25, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

26.     Answering paragraph 26, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

27.     Answering paragraph 27, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

28.     Answering paragraph 28, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

29.     Answering paragraph 29, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

30.     Answering paragraph 30, Adobe admits that the '760 Patent was cited by the Patent Examiner during prosecution of the '857 Patent.  Adobe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies such allegations.

31.     Answering paragraph 31, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

32.     Answering paragraph 32, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

33.     Answering paragraph 33, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

34.     Answering paragraph 34, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

## COUNT I
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,046,699)

35.     Answering paragraph 35, Adobe repeats and re-alleges its responses to paragraphs 1 through 34 of the Complaint.

36.     Answering paragraph 36, Adobe admits that the '699 Patent issued October 25, 2011, 2008 and is entitled "Method and software for enabling n-way collaborative work over a network of computers." Adobe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies such allegations.

37.     Answering paragraph 37, Adobe admits the allegations contained therein.

38.     Answering paragraph 38, Adobe denies the allegations contained therein.

39.     Answering paragraph 39, Adobe admits that it has had knowledge of the '699 Patent as of the date on which it received the Complaint filed in this action. Adobe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis denies such allegations.

## COUNT II
## (ALLEGED VIOLATION OF ROSEBUD END USER LICENSE AGREEMENT (EULA))

40.     Answering paragraph 40, Adobe repeats and re-alleges its responses to paragraphs 1 through 39 of the Complaint.

41.     Answering paragraph 41, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

42.     Answering paragraph 42, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

43.     Answering paragraph 43, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

44.     Answering paragraph 44, Adobe is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies such allegations.

45.     Answering paragraph 45, Adobe denies the allegations contained therein.

46.     Answering paragraph 46, Adobe denies the allegations contained therein.

## COUNT III
### (ALLEGED CONVERSION/THEFT OF IDEAS AND PATENT TITLE)

47.     Answering paragraph 47, Adobe repeats and re-alleges its responses to paragraphs 1 through 46 of the Complaint.

48.     Answering paragraph 48, Adobe denies the allegations contained therein.

49.     Answering paragraph 49, Adobe denies the allegations contained therein.

50.     Answering paragraph 50, Adobe denies the allegations contained therein.

## COUNT IV
### (ALLEGED UNJUST ENRICHMENT)

51.     Answering paragraph 51, Adobe repeats and re-alleges its responses to paragraphs 1 through 50 of the Complaint.

52.     Answering paragraph 52, Adobe denies the allegations contained therein.

## COUNT V
### (ALLEGED FRAUDULENT MISREPRESENTATION)

53.     Answering paragraph 53, Adobe repeats and re-alleges its responses to paragraphs 1 through 52 of the Complaint.

54.     Answering paragraph 54, Adobe denies the allegations contained therein.

55.     Answering paragraph 55, Adobe denies the allegations contained therein.

56.     Answering paragraph 56, Adobe denies the allegations contained therein.

57.     Answering paragraph 57, Adobe denies the allegations contained therein.

58.     Answering paragraph 58, Adobe denies the allegations contained therein.

59.     Answering paragraph 59, Adobe denies the allegations contained therein.

60.     Answering paragraph 60, Adobe denies the allegations contained therein.

## ALTERNATIVE COUNT VI
## (CORRECTION OF INVENTORSHIP UNDER 35 U.S.C. § 256)

61.     Answering paragraph 61, Adobe repeats and re-alleges its responses to paragraphs 1 through 60 of the Complaint.

62.     Answering paragraph 62, Adobe denies the allegations contained therein.

63.     Answering paragraph 63, Adobe denies the allegations contained therein.

WHEREFORE, Any factual averment not expressly admitted herein is denied.  Adobe denies that any of its products infringe any valid claim of the '699 Patent and further denies that Plaintiff is entitled to any judgment, damages or relief of any kind against Adobe.  Adobe asks that judgment be entered for Adobe, and that Adobe be awarded attorneys' fees and costs incurred in defending against this action, together with such other and further relief the Court deems appropriate.

## DEFENSES

Without assuming the burden of proof where that burden properly falls on Plaintiff, Adobe pleads the following separate and additional defenses to the claims asserted by Plaintiff against Adobe:

### First Defense – Non-Infringement

64.     Plaintiff's claims are barred and should be dismissed because Adobe has not infringed and does not infringe, directly or indirectly, any valid claim of the '699 Patent.

### Second Defense – Invalidity

65.     Plaintiff's claims are barred and should be dismissed because the '699 Patent is invalid and therefore unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 102, 103, and 112.

8

### Third Defense – Laches, Waiver and Estoppel

66.     Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### Fourth Defense – No Standing

67.     On information and belief, Plaintiff's claims are barred because Plaintiff lacks

standing to assert such claims.

### Fifth Defense – Inequitable Conduct

68.     Plaintiff's claims are barred due to inequitable conduct by Rosebud, its

representatives, its agents, and/or its attorneys during the prosecution of the application for the

'699 Patent before the U.S. Patent & Trademark Office.

69.     Prior to the issuance of the '699 Patent, on August 18, 2010, during a meeting

between Rosebud and Adobe regarding Rosebud's prior assertion of U.S. Pat. No. 7,454,760 (the

" '760 Patent") in the action *Rosebud LMS, Inc. d/b/a Rosebud PLM v. Adobe Systems*

*Incorporated*, C.A. No. 10-404 (GMS) (D. Del., filed May 14, 2010 and dismissed November

29, 2010) (the "2010 Action"), counsel for Adobe, along with Adobe's representatives, presented

to Rosebud, through its Chief Executive Officer, who also is one of the named inventors of the

'699 Patent, John Mohan, and two other Rosebud representatives, details concerning U.S. Patent

No. 6,574,674 ("May"). Mohan and the other Rosebud representatives reviewed May at that

time.

70.     May is material to the patentability of the '699 Patent because it renders the

claims of the '699 Patent anticipated and/or obvious. For example, May teaches that:

- "Before computers can share a shared data pool for application programs, they
  need to be connected through the network to enable the transfer of output data
  between them (i.e., participate in a Call)." [May at 10:31-35];

- "Each computer maintains a copy of the shared data. When an instance of the
  application program modifies the shared data, the modifications are sent to the
  other computers. These other computers store the data in their copies of the

shared data, and the instances of the application program update their user interfaces to reflect the modifications to the shared data." [*Id.* at 2:21-25];

- "The OM system resolves other conflicts between operator messages based on the order in which the operator message was generated and on the node identification of the computer that generated it, as will be described in further detail below." [*Id.* at 6:34-38];

- "An application program generates an object with a sequence stamp that includes a sequence identification identifying the order in which the object was generated and with a node identification identifying the computer generating the object." [*Id.* at 10:4-8];

- "If the OM systems process the update messages in different orders, the shared data pools at the computers will not reflect the same data. Therefore, each OM system determines which update message to process and which to discard using the node identifications." [*Id.* at 16:40-44];

- "Each computer has a copy of the OM system. The OM system, under the direction of the shared application program, manages the adding, deleting, and modifying of the shared data. The OM system also controls the transmitting of modifications to the copy of the shared data to the other computers. In a preferred embodiment, the OM system manages shared data for multiple shared application programs." [*Id.* at 4:40-47]; and

- "Each computer maintains a copy of the shared data. When an instance of the application program modifies the shared data, the modifications are sent to the other computers. These other computers store the data in their copies of the shared data, and the instances of the application program update their user interfaces to reflect the modifications to the shared data. Thus, the users of the shared application program can cooperatively modify and view the shared data." [*Id.* at 4:24-30].

10

71.     Additionally, Rosebud, Mohan, and the other named inventors on the '699 and '760 Patents, Moises Lejter and Stephen Greene, were aware of the prior art cited by the examiner in the '760 Patent but not the '699 Patent (the " '760 Cited Art"), including but not limited to U.S. Pat. No. 6,230,171 (the " '171 Patent") which also was presented during the August 18, 2010 meeting.  The '760 Cited Art, and in particular the '171 Patent, is material to the patentability of the '699 Patent because it renders the claims of the '699 Patent anticipated and/or obvious.  For example, the '171 Patent teaches that: "Environment parameters such as font sizes, font typefaces, margin widths, and any other similar parameters that may affect the appearance of the HTML document, and may depend on user preferences or browser defaults, are collectively referred to as the style of the document. . . . In one embodiment, a fully synchronized WYSIWIS [what you see is what I see] environment is achieved by controlling a big number of the environment parameters, and keeping these parameters in a consistent state.  This is achieved by either fixing the values of certain parameters to some constant values for all the session participants, or by forcing all the participants' browsers to follow the corresponding parameters on the presenter's browser: if the presenter alters one of these parameters, the action is captured, and a message is sent to all the participants forcing a corresponding change in the parameter.  These controlled parameters include the following list." ['171 Patent at 9:59-10:19.]

72.     The '760 Cited Art is material to the patentability of the '699 Patent because they render the claims of the '699 Patent anticipated and/or obvious.  Additionally, the claims of the '760 and '699 Patents are directed substantially to the same subject matter.  For example, both the '699 Patent and the '760 Patent are directed to, *inter alia*, a method for collaboration over a computer network, comprising: intercepting data regarding one or more application level events that occur within a first instance of a stand-alone application operable to create and edit documents in response to user actions, and wherein said one or more application level events reflect user actions that result in changes to a native document file generated by said first instance of stand-alone application, wherein a sequence number is assigned to each of said one or more application level events; transmitting data comprising said native document file and said

11

data regarding one or more application level events over said computer network, automatically and in real time; and causing other instances of said stand-alone application: to display a local copy of a document corresponding to a local copy of said native document file, to receive and use said data comprising data regarding one or more application level events to replicate said events that occurred within said first instance, to mirror said user actions performed in said first instance without user intervention by performing an equivalent action on said local copy of said native document file and thereby make corresponding changes to said local copy of said native document file, and to display said changes to said local copy of said document.

73.     Because Rosebud and its representatives, including Mohan, Lejter and Greene, were aware of the '760 Cited Art and May (together, the "Prior Art") prior to issuance of the '699 Patent, they had an opportunity to disclose the Prior Art to the U.S. Patent & Trademark Office during the prosecution of the '699 Patent.  Moreover, because the Prior Art is material to the patentability of the '699 Patent, Rosebud and its representatives, including Mohan, Lejter and Greene, had an obligation and duty to disclose it to the U.S. Patent & Trademark Office. Nevertheless, Rosebud and its representatives, including Mohan, Lejter and Greene, failed to cite the Prior Art to the U.S. Patent & Trademark Office during the prosecution of the '699 Patent. Indeed, Rosebud dismissed its claims against Adobe in connection with the '760 Patent, as asserted in the 2010 Action, knowing that the application for the '699 Patent was pending.  On information and belief, Rosebud, its representatives, agents and/or attorneys, including Mohan, Lejter and Greene, intentionally withheld the Prior Art from the U.S. Patent & Trademark Office with the intent to deceive the U.S. Patent & Trademark Office into issuing the '699 Patent so that Rosebud could then assert claims, including patent infringement, against Adobe in connection with the '699 Patent.

## Additional Defenses as Discovered

74.     Adobe has not knowingly and intentionally waived any applicable defenses and reserves the right to raise additional defenses as they become known to it through discovery in this matter. Adobe further reserves the right to amend its answer and/or affirmative defenses

12

accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## COUNTERCLAIMS

Adobe hereby asserts the following counterclaims against Plaintiff.

### The Parties

75.    Adobe is a Delaware corporation, with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

76.    Plaintiff Rosebud LMS, Inc. d/b/a Rosebud PLM alleges that it is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 155 East 77th Street 1A, New York, New York 10021.

### Jurisdiction and Venue

77.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 2201.

78.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) in that Plaintiff has filed suit in this district on the '699 Patent that is the subject of these counterclaims.

### FIRST COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '699 PATENT)

79.    Adobe re-alleges and reincorporates by reference herein the allegations contained in paragraphs 75 through 78 of these Counterclaims.

80.    A controversy has arisen between Plaintiff and Adobe, in that Plaintiff has alleged that Adobe is infringing the '699 Patent, and Adobe has denied such infringement.

81.    Adobe seeks and is entitled to a declaration that it has not infringed and does not infringe, directly or indirectly, any valid claim of the '699 Patent.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '699 PATENT)

82.     Adobe re-alleges and reincorporates by reference herein the allegations contained in paragraphs 75 through 81 of these Counterclaims.

83.     A controversy has arisen between Plaintiff and Adobe, in that Plaintiff has alleged that Adobe is infringing the '699 Patent, and Adobe has denied such infringement, and has further denied that the '699 Patent is valid.

84.     Adobe seeks and is entitled to a declaration that each and every claim of the '699 Patent that is asserted against Adobe is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, §§ 102, 103, and 112.

## THIRD COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT
## IN CONNECTION WITH THE '699 PATENT)

85.     Adobe re-alleges and reincorporates by reference herein the allegations contained in paragraphs 75 through 84 of these Counterclaims.

86.     The '699 Patent is unenforceable due to inequitable conduct by Rosebud, its representatives, its agents, and/or its attorneys during the prosecution of the application for the '699 Patent before the U.S. Patent & Trademark Office.

87.     Prior to the issuance of the '699 Patent, on August 18, 2010, during a meeting between Rosebud and Adobe regarding Rosebud's prior assertion of U.S. Pat. No. 7,454,760 (the " '760 Patent") in the action *Rosebud LMS, Inc. d/b/a Rosebud PLM v. Adobe Systems Incorporated*, C.A. No. 10-404 (GMS) (D. Del., filed May 14, 2010 and dismissed November 29, 2010) (the "2010 Action"), counsel for Adobe, along with Adobe's representatives, presented to Rosebud, through its Chief Executive Officer, who also is one of the named inventors of the '699 Patent, John Mohan, and two other Rosebud representatives, details concerning U.S. Patent No. 6,574,674 ("May"). Mohan and the other Rosebud representatives reviewed May at that time.

14

88.     May is material to the patentability of the '699 Patent because it renders the claims of the '699 Patent anticipated and/or obvious.  For example, May teaches that:

- "Before computers can share a shared data pool for application programs, they need to be connected through the network to enable the transfer of output data between them (i.e., participate in a Call)." [May at 10:31-35];

- "Each computer maintains a copy of the shared data.  When an instance of the application program modifies the shared data, the modifications are sent to the other computers.  These other computers store the data in their copies of the shared data, and the instances of the application program update their user interfaces to reflect the modifications to the shared data." [*Id.* at 2:21-25];

- "The OM system resolves other conflicts between operator messages based on the order in which the operator message was generated and on the node identification of the computer that generated it, as will be described in further detail below." [*Id.* at 6:34-38];

- "An application program generates an object with a sequence stamp that includes a sequence identification identifying the order in which the object was generated and with a node identification identifying the computer generating the object." [*Id.* at 10:4-8];

- "If the OM systems process the update messages in different orders, the shared data pools at the computers will not reflect the same data.  Therefore, each OM system determines which update message to process and which to discard using the node identifications." [*Id.* at 16:40-44];

- "Each computer has a copy of the OM system.  The OM system, under the direction of the shared application program, manages the adding, deleting, and modifying of the shared data.  The OM system also controls the transmitting of modifications to the copy of the shared data to the other computers.  In a preferred

embodiment, the OM system manages shared data for multiple shared application programs." [*Id.* at 4:40-47]; and

- "Each computer maintains a copy of the shared data. When an instance of the application program modifies the shared data, the modifications are sent to the other computers. These other computers store the data in their copies of the shared data, and the instances of the application program update their user interfaces to reflect the modifications to the shared data. Thus, the users of the shared application program can cooperatively modify and view the shared data." [*Id.* at 4:24-30].

89.     Additionally, Rosebud, Mohan, and the other named inventors on the '699 and '760 Patents, Moises Lejter and Stephen Greene, were aware of the prior art cited by the examiner in the '760 Patent but not the '699 Patent (the " '760 Cited Art"), including but not limited to U.S. Pat. No. 6,230,171 (the " '171 Patent") which also was presented during the August 18, 2010 meeting. The '760 Cited Art, and in particular the '171 Patent, is material to the patentability of the '699 Patent because it renders the claims of the '699 Patent anticipated and/or obvious. For example, the '171 Patent teaches that: "Environment parameters such as font sizes, font typefaces, margin widths, and any other similar parameters that may affect the appearance of the HTML document, and may depend on user preferences or browser defaults, are collectively referred to as the style of the document. . . . In one embodiment, a fully synchronized WYSIWIS [what you see is what I see] environment is achieved by controlling a big number of the environment parameters, and keeping these parameters in a consistent state. This is achieved by either fixing the values of certain parameters to some constant values for all the session participants, or by forcing all the participants' browsers to follow the corresponding parameters on the presenter's browser: if the presenter alters one of these parameters, the action is captured, and a message is sent to all the participants forcing a corresponding change in the parameter. These controlled parameters include the following list." ['171 Patent at 9:59-10:19.]

16

90.    The '760 Cited Art is material to the patentability of the '699 Patent because they render the claims of the '699 Patent anticipated and/or obvious.  Additionally, the claims of the '760 and '699 Patents are directed substantially to the same subject matter.  For example, both the '699 Patent and the '760 Patent are directed to, *inter alia*, a method for collaboration over a computer network, comprising: intercepting data regarding one or more application level events that occur within a first instance of a stand-alone application operable to create and edit documents in response to user actions, and wherein said one or more application level events reflect user actions that result in changes to a native document file generated by said first instance of stand-alone application, wherein a sequence number is assigned to each of said one or more application level events; transmitting data comprising said native document file and said data regarding one or more application level events over said computer network, automatically and in real time; and causing other instances of said stand-alone application: to display a local copy of a document corresponding to a local copy of said native document file, to receive and use said data comprising data regarding one or more application level events to replicate said events that occurred within said first instance, to mirror said user actions performed in said first instance without user intervention by performing an equivalent action on said local copy of said native document file and thereby make corresponding changes to said local copy of said native document file, and to display said changes to said local copy of said document.

91.    Because Rosebud and its representatives, including Mohan, Lejter and Greene, were aware of the '760 Cited Art and May (together, the "Prior Art") prior to issuance of the '699 Patent, they had an opportunity to disclose the Prior Art to the U.S. Patent & Trademark Office during the prosecution of the '699 Patent.  Moreover, because the Prior Art is material to the patentability of the '699 Patent, Rosebud and its representatives, including Mohan, Lejter and Greene, had an obligation and duty to disclose it to the U.S. Patent & Trademark Office.  Nevertheless, Rosebud and its representatives, including Mohan, Lejter and Greene, failed to cite the Prior Art to the U.S. Patent & Trademark Office during the prosecution of the '699 Patent.  Indeed, Rosebud dismissed its claims against Adobe in connection with the '760 Patent, as

17

asserted in the 2010 Action, knowing that the application for the '699 Patent was pending.  On information and belief, Rosebud, its representatives, agents and/or attorneys, including Mohan, Lejter and Greene, intentionally withheld the Prior Art from the U.S. Patent & Trademark Office with the intent to deceive the U.S. Patent & Trademark Office into issuing the '699 Patent so that Rosebud could then assert claims, including patent infringement, against Adobe in connection with the '699 Patent.

**FOURTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT AS TO THE '357 PATENT AND ACCUSED PRODUCT)**

92.     Adobe re-alleges and reincorporates by reference herein the allegations contained in paragraphs 75 through 91 of these Counterclaims.

93.     An actual controversy has arisen and now exists, relating to Rosebud's claims that Adobe Acrobat 9.0 with its Collaborate Live feature (the "Accused Product") and the '357 Patent unlawfully embody or claim proprietary information, ideas or technology allegedly owned by Rosebud.

94.     Adobe contends that it is the rightful owner of the Accused Product, and that the Accused Product does not embody any proprietary information, ideas or technology owned by Rosebud.

95.     Adobe further contends that it is the rightful owner of the '357 Patent and the subject matter claimed therein, that the '357 Patent does not claim any proprietary Rosebud information, ideas or technology, and that the '357 Patent names the true and correct inventors of the subject matter claimed therein.

96.     Adobe seeks a judicial determination of its rights with regard to the Accused Product and the '357 Patent.

97.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties with regard to the '357 Patent and Accused Product.

## RELIEF REQUESTED

**WHEREFORE**, Adobe requests judgment as follows:

98. A declaration that Adobe does not, directly or indirectly, infringe any valid claim of the '699 Patent;

99. A declaration that the '699 Patent is invalid and unenforceable;

100. A declaration that the '699 Patent is unenforceable due to inequitable conduct by Rosebud, its representatives, its agents and/or its attorneys during the prosecution of the application for the '699 Patent before the U.S. Patent & Trademark Office;

101. A declaration that:

    (a) Adobe is the rightful owner of the '357 Patent and the subject matter claimed therein, that the '357 Patent does not claim any proprietary Rosebud information, ideas or technology, and that the '357 Patent names the true and correct inventors of the subject matter claimed therein;

    (b) Adobe is the rightful owner of the Accused Product, and that the Accused Product does not embody any proprietary information, ideas or technology owned by Rosebud;

102. The entry of a judgment against Plaintiff and in favor of Adobe on all the claims asserted by Plaintiff;

103. That Adobe be awarded costs and reasonable attorneys' fees under 35 U.S.C.§ 285 and any other applicable laws or regulations; and

104. That Adobe be awarded any and all further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38, Adobe demands a jury trial on all issues raised by Plaintiff's Complaint, Adobe's Answer, and Adobe's Counterclaims for which that right exists.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert Steinberg
Amy C. Quartarolo
Ryan E. Hatch
LATHAM & WATKINS llp
355 South Grand Avenue
Los Angeles, CA 90071-1560
Tel: (213) 485-1234
Fax: (213) 891-8763
bob.steinberg@lw.com
amy.quartarolo@lw.com
ryan.hatch@lw.com

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza 6th Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    Tel:  (302) 984-6000
    Fax:  (302) 778-6105
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant*
*Adobe Systems, Inc*

Dated:  November 26, 2012
1084225/39648

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 26, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on November 26, 2012, the attached document was Electronically Mailed to the following person(s):

Jessica Zeldin
Rosenthal Monhait & Goddess
919 Market Street, Suite 1401
Wilmington, DE 19801
jzeldin@rmgglaw.com

Andrew W. Spangler
James A. Fussell, III
Spangler & Fussell, P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
spangler@sfipfirm.com
fussell@sfipfirm.com

Steven J. Mitby
Ahmad, Zavitsanos, Anaipakos, Alavi
 & Mensing, P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
smitby@azalaw.com

By:   /s/ David E. Moore
　　　Richard L. Horwitz
　　　David E. Moore
　　　Bindu A. Palapura
　　　POTTER ANDERSON & CORROON LLP
　　　Tel: (302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com
　　　bpalapura@potteranderson.com

108424/39648