## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROSEBUD LMS, INC.,
d/b/a ROSEBUD PLM,

                 Plaintiff,

v.

ADOBE SYSTEMS INCORPORATED,

                 Defendant.

§
§
§
§
§
§
§
§
§
§
§

Case No. 12-1141-SLR

**JURY TRIAL DEMANDED**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
## FIRST AMENDED COMPLAINT

OF COUNSEL:

AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.
Demetrios Anaipakos
Steven J. Mitby
Ariadne Montare
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101
danaipakos@azalaw.com
smitby@azalaw.com
amontare@azalaw.com

SPANGLER & FUSSELL P.C.
James A. Fussell, III
211 N. Union Street, Suite 100
Alexandria, VA 22314
(903) 753-9300
fussell@sfipfirm.com

SPANGLER & FUSSELL P.C.
Andrew W. Spangler
208 N. Green Street, Suite 300
Longview, TX 75601
(903) 753-9300
spangler@sfipfirm.com

October 11, 2013

ROSENTHAL, MONHAIT & GODDESS, P.A.

Jessica Zeldin (Del. Bar No. 3558)
ROSENTHAL, MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
jzeldin@rmgglaw.com

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ....................................................................... 1

II.  FACTUAL BACKGROUND .......................................................................... 2

A.   Background of the Litigation – At all times since Rosebud filed its Complaint, Rosebud has been actively litigating the case. ................................................ 3

1.   The Filing of Rosebud's Complaint. ....................................................... 3

2.   The Parties' Mediation Efforts. ............................................................... 4

3.   Rosebud's Efforts to Settle the Pleadings. ............................................. 5

4.   Adobe's Motion to Dismiss ...................................................................... 6

5.   The Current Status of the Case. ............................................................... 7

III. ARGUMENT ................................................................................................. 7

A.   Rosebud has properly pled the discovery rule and therefore this Court cannot dismiss Rosebud's Complaint based on the statute of limitations. ....................... 8

B.   Rosebud's conversion and unjust enrichment claims are not preempted. ........... 9

C.   Adobe's non-prosecution argument is without merit. ....................................... 12

CONCLUSION ................................................................................................... 20

# TABLE OF AUTHORITIES

CASES

*Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund,*
29 F.3d 863 (3d Cir. 1994).................................................................. 19

*Ausikaitis v. Kiani,*
2013 U.S. Dist. LEXIS 98925 (D. Del. 2013) ......................................... 8

*Briscoe v. Klaus,*
538 F.3d 252 (3d Cir. 2008) ...............................................................16

*Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.,*
2009 U.S. Dist. LEXIS 73227 (D. Del. 2009) ......................................... 8

*Concept Innovation v. CFM Corp.,*
2005 WL 670637 (N.D. Ill. 2005) ...................................................... 11

*CT Bedwell & Sons, Inc. v. Int'l Fidelity Ins.,*
843 F.2d 683 (3d Cir. 1988) ........................................................ 14, 16

*Dickens v. Taylor,*
2011 WL 666861 (D. Del. 2011) ........................................................ 14

*Doran v. CFT Ambulance Service, Inc.,*
2010 WL 1924473 (D. Del. 2010).............................................. 17, 18, 19

*EBS Litig. LLC v. Barclays Global Investors, N.A.,*
304 F.3d 302 (3d Cir. 2002).............................................................. 8, 9

*Ennis v. New Jersey Bell Tel. Co.,*
782 F.2d 393 (3d Cir. 1985), *cert. denied,*
475 U.S. 1082 (1986) ....................................................................... 14

*General Electric Co. v. Wilkins,*
2011 WL 3163348 (E.D. Cal. 2011) .................................................... 11

*Gerawan Farming, Inc. v. Rehrig Pacific Co.,*
2012 WL 691758 (E.D. Cal. 2012) ..................................................... 11

*HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.,*
600 F.3d 1347 (Fed. Cir. 2010)........................................................... 10

*Juniper Networks, Inc. v. Shipley,*
643 F.3d 1346 (Fed. Cir. 2011) ............................................................7

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
926 F.2d 1406 (3d Cir. 1991) ................................................................................ 7

*Lincoln Nat. Life Ins. Co. v. Snyder*,
722 F. Supp. 2d 546 (D. Del. 2010) ...................................................................... 8

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
38 F.3d 1380 (3d Cir. 1994) .................................................................................. 8

*Poulis v. State Farm Fire and Cas. Co.*,
747 F.2d 863 (3d Cir. 1984) ....................................................................... *passim*

*Scarborough v. Eubanks*,
747 F.2d 871 (3d Cir. 1984) ................................................................. 16, 18, 19

*Sisk v. Sussex County*,
2013 WL 240606 (D. Del. 2013) .................................................................. 16, 18

*Smith v. Healey*,
744 F. Supp. 2d 1112 (D. Ore. 2010) ................................................................. 11

*Smith v. Mattia*,
2010 Del. Ch. LEXIS 14 (Del. Ch. 2010) ........................................................... 8

*Thompson v. Microsoft Corp.*
471 F.3d 1288 (Fed. Cir. 2006) .................................................................... 1, 10

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
140 F.3d 478 (3d Cir. 1998) .................................................................................. 7

*Tyson Foods Consol. S'holder Litig.*,
919 A.2d 563 (Del. Ch. 2007) .............................................................................. 8

*Uroplasty, Inc. v. Advanced Uroscience*,
239 F.3d 1277 (Fed. Cir. 2001) ................................................................. 1, 2, 10

*Ware v. Donahue*,
2013 U.S. Dist. LEXIS 86502 (D. Del. 2013) ................................................... 19

*Wawrzynski v. H.J. Heinz Co.*,
2012 WL 1739833 (W.D. Pa. 2012) ................................................................... 11

**STATUTES & RULES**

10 *Del.C.* § 8106 ................................................................................................................... 8

35 U.S.C. § 256 ...................................................................................................................... 3

Fed. Rules Civ. Proc. Rule 12(b)(6). ....................................................................................... 7

## I.    <u>SUMMARY OF ARGUMENT</u>

Ten months after Adobe filed its answer in this litigation, Adobe has moved to dismiss every one of Rosebud's claims on the pleadings before an adjudication on the merits can take place (D.I. 28).  Under applicable case law, Adobe provides no legal justification for dismissing this litigation without reaching the merits.  Even the cases cited by Adobe – instead of supporting this extreme request – reinforce the principle that virtually all litigations, including this one, should be decided on their merits.

Adobe's primary argument is that Delaware's three-year statute of limitations bars all of Rosebud's non-patent claims.  Far from supporting dismissal, Adobe apparently considered this argument so unimportant that Adobe waited six months after answering even to mention the statute of limitations in its pleadings.  And for good reason: as indicated in Rosebud's Original Complaint, and elaborated in Rosebud's First Amended Complaint, Adobe actively concealed its theft of Rosebud's ideas until at least November 2009 – less than three years before Rosebud filed this lawsuit.  Adobe even went so far as to petition the U.S. Patent and Trademark Office to keep its own patent application a secret so that Rosebud would not find out that Adobe had used Rosebud's proprietary information in the application, trying to pass the information off as Adobe's own invention.  Rosebud has alleged ample facts to support application of the discovery rule.  Therefore, dismissal based on the statute of limitations would be highly improper.

Second, Adobe's federal preemption argument is wrong.  Rosebud has asserted two state law claims (unjust enrichment and conversion) for which patent law is not a necessary element.  Federal patent law does not preempt these claims.  Indeed, the Federal Circuit – in case law that Adobe conveniently ignores – has rejected Adobe's position under similar circumstances.  *See, e.g., Thompson v. Microsoft Corp.*, 471 F.3d 1288, 1292 (Fed. Cir. 2006); *Uroplasty, Inc. v.*

*Advanced Uroscience*, 239 F.3d 1277, 1280 (Fed. Cir. 2001).  In light of this authority, Adobe has no basis for arguing that Rosebud's state law claims are preempted.

Third, Adobe overreaches by requesting dismissal of all of Rosebud's claims based on Rosebud's not meeting three discovery-related deadlines.  These were unintentional mistakes, for which Rosebud has apologized to the Court.  Adobe cites no authority suggesting that the Court could dismiss the case based on these kinds of mistakes.  In fact, all applicable Third Circuit and district court authorities hold the opposite: that the extreme remedy of dismissal would be totally inappropriate under these circumstances.

Adobe also omits highly relevant information that further refutes its request for dismissal. Not only did Adobe receive most of the substantive information required by the deadlines, but Adobe had numerous discussions with Rosebud about discovery in which it failed to allege any deficiencies in Rosebud's discovery compliance.  These facts provide an additional basis for denying Adobe's request.  While Adobe may be entitled to an extension of discovery and trial-related deadlines, Adobe is overreaching by requesting dismissal or any other sanction.

## II.   FACTUAL BACKGROUND

This case is about Adobe's theft of Rosebud's real-time collaboration technology, which allows multiple people to work together to edit a single document simultaneously over the internet.  Rosebud's technology has applications in a wide variety of business contexts and is especially important in situations where individuals in different locations have to collaborate on the same document.  Adobe has incorporated this technology into its Acrobat product and is infringing Rosebud's '699 patent (U.S Patent No. 8,046,699), which contains claims that cover this technology.

Before the commencement of this lawsuit, the parties discussed a potential business relationship. *See* Pl. Am. Comp., (D.I. 31), at ¶¶ 9-34. During these discussions, Rosebud not only demonstrated its collaboration technology and shared other proprietary information but also allowed Adobe representatives to use this technology under Rosebud's user agreement. *Id.* at ¶¶ 6-7, 12, 17, 21, 23, 25, 32-33. As a much smaller company than Adobe, Rosebud did this in reliance on Adobe's representations that it was interested in developing a business relationship with Rosebud and would not use Rosebud's propriety information improperly. *Id.* at ¶¶ 11-33. Instead, Adobe took information that it acquired from Rosebud and converted that information for its own unjust benefit while also violating the user agreement. *Id.* at ¶¶ 40-52.

Adobe even filed its own patent application based on Rosebud's ideas. *Id.* at ¶¶ 47-50. While prosecuting this application, Adobe took extraordinary steps to conceal its wrongful acts. Adobe asked the Patent Office to keep its application secret and failed to cite Rosebud's prior art to the Patent Examiner during prosecution. *Id.* at ¶¶ 18, 30. Even when the Examiner found Rosebud's prior art on his own and cited it, Adobe failed to disclose the highly material information about the information it learned from Rosebud. *Id.* at ¶ 30.

A. **Background of the Litigation – At all times since Rosebud filed its Complaint, Rosebud has been actively litigating the case.**

1. **The Filing of Rosebud's Complaint.**

Rosebud filed its Original Complaint on September 17, 2012, alleging infringement of the '699 patent as well as breach of contract, conversion/theft of ideas and patent title, unjust enrichment, fraudulent misrepresentation, and, as an alternative to fraudulent misrepresentation, correction of inventorship under 35 U.S.C. § 256. Pl's Original Complaint. The Complaint was much more detailed than a typical patent complaint. Notably, it specifically identified Adobe and Rosebud personnel who are knowledgeable about the facts in dispute. *Id.* at ¶¶ 11-33. It also

3

identified the asserted patent and the accused products, *id.* at ¶¶ 35-39, the information that is required in the initial patent disclosures.[1]   Adobe filed its first Answer and Counterclaim in this case on November 26, 2012. (D.I. 9).

### 2.   The Parties' Mediation Efforts.

On February 21, 2013, the Court entered a Scheduling Order that provided for a lengthy discovery schedule with few deadlines occurring in 2013.  (D.I. 16.)  Rather, all major discovery and motion-related deadlines occur in 2014.  The discovery deadline is May 9, 2014.   Summary judgment motions are due on June 13, 2014.  The claim construction and summary judgment hearing is scheduled for September 12, 2014.  And the final pretrial conference is scheduled for November 13, 2014.  After this schedule was entered, the parties agreed to mediate the case to try to reach an early resolution. *See* Ex. A (February/March email exchange between counsel).[2]

Until September 2013 – just last month – Adobe was represented by both Latham & Watkins and Arnold & Porter.   Declaration of Demetrios Anaipakos, ¶ 7.  On numerous occasions between February to April of this year, by phone and e-mail, counsel for Rosebud requested that Adobe's counsel let Rosebud know what, if anything, Adobe needed from Rosebud in discovery in order to ensure the mediation would be a meaningful and good-faith discussion of resolution between the parties.  Declaration of Demetrios Anaipakos, ¶ 2; Ex. A. On March 23, 2013, prior to current counsel's appearance in the case, Plaintiff's Initial

---

[1] Rosebud does not argue that its Complaint may substitute for required disclosures, but notes this fact as it relates to Adobe's prejudice argument.

[2] All lettered exhibits cited in this brief are exhibits to the Declaration of Steven J. Mitby.

Disclosures and ESI Disclosures came due.[3]  Adobe did not indicate to Rosebud that it needed this information or mention this as a deficiency.

In response to Rosebud's inquiry regarding what materials Adobe would like from Rosebud in order to assist Adobe's assessment of the case, Adobe identified only one thing: claim charts.  Declaration of Demetrios Anaipakos ¶ 3; Ex. A. On April 17, 2013, in response to Adobe's request, Rosebud served very detailed claim charts on Adobe. *See* Ex. B (Rosebud's claim charts and forwarding email).

### 3.  Rosebud's Efforts to Settle the Pleadings.

Shortly after mediation, Adobe indicated that it wanted to raise a statute-of-limitations defense even though it had not done so in its Answer.  Despite the fact that Adobe provided no explanation for its delay in raising this defense, Rosebud agreed to permit the amendment without objection.  Adobe filed its Amended Answer and Counterclaim on May 8, 2013 and pled that all of Rosebud's non-patent claims are barred by the statute-of-limitations.  (D.I. 23.) Rosebud filed its Answer to the Amended Answer and Counterclaim on May 22, 2013.  (D.I. 24.) On August 23, 2013, Rosebud provided a draft of its Amended Complaint to Adobe and asked if Adobe would consent to its filing. That same day, Rosebud served discovery requests. Despite having counterclaims and affirmative defenses, Adobe has not served a single discovery request.

In response to being provided with the draft of the Amended Complaint, Adobe indicated that it would move to strike the non-patent claims on the basis of the statute of limitations but

---

[3] Plaintiff's Identification of the Asserted Patent and Accused Product(s) and the production of the file histories was arguably due prior to the issuance of the Court's Scheduling Order, and was not specifically mentioned as a deadline in the Scheduling Order.

would consent to the Amended Complaint being filed. On August 29, 2013, the parties filed a stipulation regarding Rosebud's filing of an Amended Complaint. (D.I. 27)

### 4. Adobe's Motion to Dismiss

On September 4, 2013, having a copy of the Amended Complaint that was yet to be filed, Adobe filed a motion to dismiss the Amended Complaint, alleging a number of grounds including "failure to prosecute." (D.I. 28.)   In discussions with Rosebud's counsel about the motion, Adobe never mentioned that Adobe was planning to file a motion based on this argument.

The failure-to-prosecute arguments are based on three deadlines: (1) the date for Rule 26 Initial Disclosures and, pursuant to the Court's Default Standard for Discovery, ESI disclosures, which occurred while the parties were still discussing mediation; (2) the date for patent disclosures pursuant to the Court's Default Standard for Discovery, which had passed even before the Scheduling Order issued; and (3) the time to serve document requests so that documents could be produced by the date for initial document production.

While it in no way excuses any failure to comply with formal deadlines, Adobe has had a copy of Rosebud's initial claim charts since at least April 17, 2013.  Before filing its Motion to Dismiss, Adobe never contacted Rosebud to request (or even ask about) the discovery items that it now claims warrant the extreme remedy of dismissal.  Adobe also made the tactical decision not to meet and confer regarding the failure-to-prosecute aspect of the Motion, depriving the parties of any chance to even try to resolve the issue cooperatively.  Despite this, Rosebud actively sought to provide, and did provide, Adobe with the material it identified as soon as was practically possible.  On September 17, 2013, Rosebud served its patent disclosures (D.I. 34) and, on September 23, 2013, Rosebud served its Initial Disclosures and ESI disclosures (D.I. 35).

### 5. The Current Status of the Case.

Adobe has not served substantive responses to Rosebud's discovery requests, even though its responses were due on September 26, 2013. Even though Adobe has counterclaims against Rosebud as well as affirmative defenses on which it bears the burden of proof, Adobe did not engage in any discovery other than its initial disclosures prior to the document-discovery deadline it states that Rosebud willfully ignored. After Rosebud was made aware of Adobe's position regarding disclosures, Rosebud offered Adobe a new schedule in an effort to work out the issues between the parties without affecting the Court's schedule. *See* Ex. C (email exchange about proposed new schedule); Ex. D (Court's original schedule). Rosebud also expressed willingness to agree to a schedule that moves the trial date. However, Adobe has not responded to these proposals. Rosebud remains willing to work with Adobe on a new schedule. Adobe does not appear to contest the fact that Rosebud has now provided all required disclosures.

## III.   ARGUMENT

In a patent case, the Federal Circuit applies the law of the regional circuit in reviewing a dismissal for failure to state a claim upon which relief can be granted. *See Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011); Fed. R. Civ. P. 12(b)(6) . In analyzing a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in favor of the plaintiff and accept all material allegations as true. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998) ("A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint"). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991).

## A. Rosebud has properly pled the discovery rule and therefore this Court cannot dismiss Rosebud's Complaint based on the statute of limitations.

Despite waiting six months even to allege the statute of limitations as a defense and conducting no discovery on the issue, Adobe seeks to dismiss all of Rosebud's non-patent claims based on Delaware's three-year statute of limitations. This argument is without merit. As shown in both Rosebud's Original and First Amended Complaints, Rosebud's pleadings provide ample basis for tolling the statute of limitations based on Adobe's fraudulent concealment of its wrongdoing. *See Ausikaitis v. Kiani*, 2013 U.S. Dist. LEXIS 98925, at *22-23 (D. Del. July 16, 2013); *Lincoln Nat'l Life Ins. Co. v. Snyder*, 722 F. Supp. 2d 546, 563 (D. Del. 2010); *EBS Litig. LLC v. Barclays Global Investors, N.A.*, 304 F.3d 302, 305 (3d Cir. 2002); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994); 10 *Del. C.* § 8106.

"[U]nder the doctrine of fraudulent concealment, tolling is appropriate 'when a defendant has fraudulently concealed from a plaintiff the facts necessary to put him on notice of the truth.'" *Ausikaitis*, 2013 U.S. Dist. LEXIS 98925, at *22-23 (quoting *In re Tyson Foods Consol. S'holder Litig.*, 919 A.2d 563, 584-85 (Del. Ch. 2007)). Even in cases where a statute of limitations "defense raises substantial issues for further analysis after discovery," "'a motion to dismiss is not the most useful device for presentation of affirmative defenses.'" *Lincoln Nat'l Life Ins.*, 722 F. Supp. 2d at 563 n.14 (quoting *Smith v. Mattia*, 2010 Del. Ch. LEXIS 14, at *6, n.46 (Del. Ch. Feb. 1, 2010)). Indeed, a "statute of limitations defense generally cannot be raised in the context of a motion to dismiss under Rule 12(b)(6)" unless "'the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.'" *Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.*, 2009 U.S. Dist. LEXIS 73227, at *8 (D. Del. Aug. 19, 2009) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)).

8

As stated in Rosebud's Amended Complaint, Adobe took extraordinary steps to conceal its theft of Rosebud's technology. Most importantly, Adobe applied for a patent on aspects of Rosebud's invention; withheld Rosebud's prior art from the Patent Office during the prosecution of the patent; and actually requested that the Patent Office keep its application secret during prosecution. Pl's Amended Complaint at ¶¶ 18, 30, 68. These facts are strong evidence of an intentional effort by Adobe to conceal the theft of Rosebud's invention from Rosebud. Under the circumstances, the statute of limitations must be tolled until Rosebud discovered (or, exercising reasonable diligence, could have discovered) its injury. *See EBS Litig.,* 304 F.3d at 305.

Rosebud has pled sufficient facts to indicate that it did not discover, and could not reasonably have discovered, Adobe's wrongful conduct until at least November 2009, when Adobe publicly announced it had enhanced its "Acrobat" product with "new," "real-time" collaboration capabilities. Pl's Amended Complaint at ¶¶ 34, 67. Before this time, Rosebud was not on notice of Adobe's use of its technology in a product and therefore was not in a position to file suit. Although Adobe is certainly free to contest this argument during discovery, Adobe has not provided any reason why this allegation is insufficient. Indeed, Adobe's arguments appear to focus on the underlying facts rather than on the sufficiency of the allegations in Rosebud's complaint – and entirely ignore Rosebud's allegations regarding Adobe's efforts to conceal its patent application on Rosebud's technology. For these reasons, Adobe's statute of limitations defense cannot be resolved at the pleadings stage.

**B.** **Rosebud's conversion and unjust enrichment claims are not preempted.**

Adobe's preemption argument is equally misguided: Rosebud's state law conversion and unjust enrichment claims are not preempted. First, Adobe ignores controlling Federal Circuit

case law holding that federal patent law does not normally preempt state law claims for conversion and unjust enrichment. *See, e.g.*, *HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1355 (Fed. Cir. 2010) (conversion claim based on defendant's misuse of "experiments, pre-publication experimental data, and non-public, pre-publication drafts of papers" not preempted); *Thompson v. Microsoft Corp.*, 471 F.3d 1288, 1292 (Fed. Cir. 2006) (unjust enrichment claim not preempted and therefore not a basis for removal); *Uroplasty, Inc. v. Advanced Uroscience*, 239 F.3d 1277, 1280 (Fed. Cir. 2001) (trade secret, breach of contract, and breach of fiduciary duty claims "can be met without requiring the resolution of a substantial issue of patent law" and therefore "patent law is not essential to any of the claims of the well-pleaded complaint"). These cases indicate that dismissal of Rosebud's unjust enrichment and conversion claims based on preemption would be highly improper.

In addition, Adobe's preemption argument is fundamentally inconsistent and based on a misreading of Rosebud's complaint. Adobe initially argues that Rosebud's conversion and unjust enrichment claims are entirely preempted. In developing this argument, however, Adobe admits that preemption applies only "to the extent Rosebud's conversion and unjust enrichment claims are premised on prosecution of the '857 application," which contains Rosebud's ideas. Seeking to minimize the effect of this concession, Adobe argues that Rosebud's conversion and unjust enrichment claims are solely based on Adobe's prosecution of the '857 patent application. This argument is wrong because it contradicts the plain language of Rosebud's allegations.

Rosebud's conversion claim asserts that Adobe "wrongfully converted" Rosebud's proprietary information by "marketing a product embodying Rosebud's proprietary information." Pl's Amended Complaint at ¶ 48. Likewise, Rosebud's unjust enrichment claim asserts that Adobe "has been enriched" by "marketing a product embodying Rosebuds ideas and

technology." Pl's Amended Complaint at ¶ 52.  Although Rosebud concedes that claims based on Adobe's prosecution of the '857 patent application are preempted, Adobe's preemption argument does not establish a basis for dismissing Rosebud's conversion and unjust enrichment claims.

Although Adobe ignores relevant Federal Circuit authority, Adobe cites a smattering of district court cases in its brief.  Even these cases reaffirm the rule that "claims that can be established without reference to patent inventorship or ownership are generally not preempted by federal law." *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, 2012 WL 691758, at *7 (E.D. Cal. 2012).  These cases found preemption because the claim depended on a finding of patent inventorship or ownership, issues which are clearly subject to the federal patent statute.[4]

In this case, Rosebud's conversion and unjust enrichment claims are based on private tutorials given to Adobe long before Rosebud published its invention to the public in a patent; are broader in scope than Rosebud's patent claims because they do not require element-by-element proof of infringement; permit Rosebud to recover damages without proving patent infringement; and provide a longer damages window than claims under Rosebud's '699 patent, which did not issue before October 25, 2011.

---

[4] *See Gerawan Farming, Inc.*, 2012 WL 691758, at *7 (conversion claim preempted because it was solely based on failure to name plaintiff as inventor); *Wawrzynski v. H.J. Heinz Co.*, 2012 WL 1739833 (W.D. Pa. 2012) (state law claims based solely on use of patented technology in 2008, more than 10 years after patent issued); *General Electric Co. v. Wilkins*, 2011 WL 3163348, at *9 (E.D. Cal. 2011) (conversion claim preempted because conversion claim "seeks compensation" for "purported interference" with "inventorship interests" in two patents); *Smith v. Healey*, 744 F. Supp. 2d 1112, 1122 (D. Ore. 2010) (state law claims based on use of invention that was "in the public domain before the parties entered into the alleged implied-in-fact contract"); *Concept Innovation v. CFM Corp.*, 2005 WL 670637, at *8 (N.D. Ill. 2005) (conversion claim based on dispute over possession and inventorship on patents).

## C. **Adobe's non-prosecution argument is without merit.**

Disregarding controlling Third Circuit precedent, Adobe argues for dismissal of Rosebud's entire case under Federal Rule of Civil Procedure 41(b) based on the alleged failure to prosecute. "Rule 41(b) dismissals are 'drastic' and 'extreme' measures that should be reserved for cases where there has been 'flagrant bad faith' on the part of the plaintiffs." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867, 868 (3d Cir. 1984) (quotation omitted). Here, Adobe cannot show bad faith – much less flagrant bad faith – and cannot show prejudice.

The primary basis of Adobe's complaint is that Rosebud missed the Initial Disclosure and ESI Disclosure deadlines. These were unintentional oversights for which Rosebud has apologized. But there is no dispute that, as a result of Rosebud's detailed Complaint and the parties' pre-mediation exchanges, Adobe had in its possession much, if not all, of the information that these initial disclosures would have contained. Indeed, before filing its motion, Adobe's counsel never sought these materials, and through emails and discussions led Rosebud to believe that Adobe was satisfied with the information Rosebud had provided. In addition, the parties have been on a lengthy schedule that extends until the end of 2014. For example, the discovery deadline, claim construction briefing schedule, summary judgment motion deadline, oral hearing schedule, and trial are all scheduled to occur in 2014. For these reasons, dismissal, or a lesser sanction, is not warranted.

Furthermore, Adobe is wrong when it states that Rosebud "has done virtually nothing to prosecute [this case]." Def.'s Br. Mot. Dismiss at 18. Rosebud has engaged in numerous continuing discussions, including a mediation, with Adobe. Rosebud has also filed lengthy and detailed pleadings. Indeed, at no point has this case been inactive. As explained above, on February 21, 2013, this Court entered a Scheduling Order. *See* Ex. D. Immediately thereafter,

12

the parties agreed to a private mediation and continued discussions through the deadlines for Initial and ESI Disclosures. During this timeframe, Rosebud specifically asked Adobe's counsel whether it needed any discovery information from Rosebud and Adobe never mentioned or requested any Initial or ESI Disclosures. *Id.* at ¶ 7. On April 17, 2013, Rosebud provided Adobe's counsel with a representative claim chart that included its initial allegations of infringement for all of the claims it is asserting in this case, more than it is required to disclose initially by the Court's Order. *See* Ex. B. At the end of April, the parties engaged in the contemplated mediation in California. Again, Adobe never mentioned its belief that Rosebud was not in compliance with any deadlines.

Once the mediation phase ended, the parties promptly moved to an effort to settle the pleadings. Specifically, Adobe announced shortly after the mediation that it wanted to amend its answer to include a statute-of-limitations defense. Rosebud consented, but indicated that if Adobe amended its answer, Rosebud wanted to amend its complaint to allege the discovery rule. The parties agreed that this would be an appropriate way to proceed. In the ensuing months, the parties did exactly that. Adobe amended its answer and counterclaim (D.I. 23); Rosebud amended its answer to that counterclaim (D.I. 24) and then amended its complaint (D.I. 31). Adobe filed a motion to dismiss the Amended Complaint. (D.I. 28). Thus, there have been no substantial periods of inactivity or any "failure to prosecute."

Nor do the *Poulis* factors articulated by the Third Circuit support dismissal. The *Poulis* factors include "(1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5)

the effectiveness of sanctions other than dismissal, which entails an analysis of alternative

sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868.

The first factor, the extent of the party's responsibility (as distinguished from the fault of

its counsel), does not weigh in favor of dismissal. *See Dickens v. Taylor*, 2011 WL 666861, at

*1 (D. Del. 2011) ("Courts are reluctant to penalize a party represented by counsel with

dismissal for mistakes made by his or her attorney."). Adobe provides no evidence that John

Mohan, Rosebud's president and named inventor of the '699 patent, is in any way responsible

for any missed initial disclosure deadlines. Def.'s Br. Mot. Dismiss at 18. Mr. Mohan is not a

lawyer and, given the complex nature of patent litigation, including the numerous deadlines

involved, cannot be held responsible for any disclosures that were not properly submitted.[5]

The second factor, the prejudice to the adversary caused by the failure to meet scheduling

orders and respond to discovery, also does not weigh in favor of dismissal. As noted above, trial

– even prior to the stay being entered – was still 15 months away when Adobe filed its motion.

Nevertheless, Adobe complains that it has been left guessing what documents it must preserve

---

[5] The cases upon which Adobe relies are clearly distinguishable. Def.'s Br. Mot. Dismiss at 18 (citing *CT Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683 (3d Cir. 1988) and *Ennis v. New Jersey Bell Tel. Co.*, 782 F.2d 393 (3d Cir. 1985), cert. denied, 475 U.S. 1082 (1986)). In *Bedwell*, the district court made "detailed findings of [the company president's] personal responsibility for repeated deposition abuses and failure to produce documents" that "were supported by the record" and demonstrated that the party shared responsibility for the discovery abuses as issue. 843 F.2d at 692-93. For example, the company president had his secretary cancel his deposition at the last minute by feigning illness, the company president refused to allow another deposition to go forward by refusing to appear, the company president failed to return his lawyer's phone calls seeking document production and the company president did not release documents to his lawyer (despite a threat – which the district court specifically found credible based on testimony – from his lawyer that the lawyer would not attend a deposition). *Id.* at 692 and n.18. No such evidence has been presented here. *Ennis* involved an attorney who was ill. Plaintiff insisted that this lawyer, and no one else, represent her "despite her knowledge of counsel's troubles with compliance with court rules and order." *Id.* at 388. Again, no similar evidence has been presented here. Other than Mr. Mohan's expected participation at mediation – demonstrating diligence not dilatoriness – Adobe has presented no record of Mr. Mohan's involvement in the issues raised by its motion.

and what evidence it must marshal because it does not know "which features or products are accused." Def.'s Br. Mot. Dismiss at 19.  But the information Rosebud provided Adobe, either through mediation or its other filings, clearly alerted Adobe to its retention obligations. The Original Complaint identified the asserted patent, as well as the accused products. Pl's Original Complaint at ¶¶ 6, 36-38. It also identified Rosebud and Adobe personnel with knowledge of disputed facts. *Id.* at ¶¶ 11-13. More importantly, the claim charts that Rosebud served on April 17 identified the two claims that Rosebud contends that Adobe's products infringe and specifically identified the infringing instrumentalities on an element-by-element basis.  *See* Ex. B.  So, functionally Adobe had nearly all of the information it would have received in Rosebud's disclosures.  It clearly had the specific information about products and features that it claims were lacking.  Adobe can claim no document-retention-related prejudice.

To the extent this document-retention-prejudice argument results from the uncertainty surrounding Adobe's Motion to Dismiss (and in particular, because it is unclear what claims will be sustained), this is an issue of Adobe's own making.  Adobe did not move against the Original Complaint and thus occasioned the delay about which it complains.  Indeed, Adobe did not even plead the primary ground for its motion (the statute of limitations) until six months after its answer was due.  Such tardiness should not be used against Rosebud.

Moreover, the parties' course of dealing refutes any claim of prejudice by the missed initial discovery deadlines.   At the time these exchanges were due, Rosebud specifically broached the subject of discovery with Adobe's counsel.  Despite these discussions, Adobe never demanded Initial or ESI Disclosures from Rosebud.  Anaipakos Decl. at ¶ 7.[6]

---

[6]  This case is readily distinguishable from *Poulis*.  There, defendant argued that it had been prejudiced because plaintiff had not responded to its discovery requests, resulting in defendant

Adobe also argues that it is prejudiced because it was forced to file its motion to dismiss for failure to prosecute. Def.'s Br. Mot. Dismiss at 19.[7] Again, this alleged "prejudice" stems from Adobe's strategic failure to confer.   Adobe never once mentioned to Rosebud that it believed Rosebud had missed any deadline or sought to meet and confer on any of the issues raised by its motion.   Had Adobe raised any of these issues with Rosebud before filing its motion, Adobe could have avoided the alleged "prejudice" that it now claims.   *See Scarborough v. Eubanks*, 747 F.2d 871, 877 (3d Cir. 1984) (vacating dismissal for failure to prosecute where the record demonstrated "no effort" by the parties claiming prejudice to use available discovery methods to avoid prejudice).[8]   While Rosebud is of course responsible for meeting all court-ordered deadlines, it would be unduly harsh to allow Adobe's tactical silence to provide it an escape from all liability.

The third factor, a history of dilatoriness, also does not weigh in favor of dismissal. The court considers a party's conduct over the course of an entire case in assessing dilatoriness. *Briscoe v. Klaus*, 538 F.3d 252, 260-261 (3d Cir. 2008) ("[c]onduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness").   Rather, the plaintiff's record of inaction must be sufficiently lengthy and clear so as to fairly indicate "an intent to abandon [the] case." *Sisk v. Sussex County*, 2013 WL 240606, at *6 (D. Del. 2013).

---

being unable to prepare its case.  747 F.2d at 686.  Here, it is Adobe who has not responded fully to Rosebud's discovery and Adobe has served no such reciprocal requests.

[7]  *Bedwell*, relied upon by Adobe (Def.'s Br. Mot. Dismiss at 19) is readily distinguishable.  The costs found prejudicial there was not the costs of bringing the dismissal motion but the costs of making the six discovery motions prior to the dismissal motion.  843 F.2d at 694.  If anything, *Bedwell* supports Rosebud's position because it demonstrates a concern that the prejudice claimed must arise directly from the party principal's conduct.  *Id.* (noting that the prejudice to appellees arises from the conduct of the company president, matching the conduct in *Poulis*).

[8]  No doubt, Adobe could have also served its own discovery requests seeking the information in the Initial and ESI Disclosures.  As noted above, Adobe has yet to serve any discovery requests on Rosebud.

Here, throughout the course of the case, Rosebud has made numerous and continuous efforts to keep the suit moving forward, including contacting counsel for Adobe multiple times to ask whether Adobe needed discovery information.  Rosebud also prepared and served claim charts when Adobe requested them.  *See* Ex. B.

Additionally, Rosebud has worked diligently to close the pleadings, which Adobe has argued should occur before any discovery.  *See* Ex. C (Adobe's counsel suggesting a stay of discovery while the claims in the case are determined to "allow the parties to appropriately narrow any discovery").  Although Rosebud has and continues to apologize for its missed deadlines, it cannot be disputed that there has been no extended period of inactivity in this case. *See Doran v. CFT Ambulance Serv., Inc.*, 2010 WL 1924473, at *3 (D. Del. 2010) (refusing to dismiss case, and ordering a revised schedule despite plaintiff's failure to take any action to prosecute case for over a year).

Adobe is also incorrect in asserting that this is the second round of the same lawsuit. Def.'s Br. Mot. Dismiss at 19, 20.  Compared to the previous lawsuit, this suit asserts an entirely different patent with different and broader claims.[9]  The two suits are therefore clearly different. Additionally, the new schedule proposed by Rosebud was not intended to prejudice Adobe, but rather was an indication of Rosebud's good faith and willingness to abide by shorter deadlines in order to avoid any inconvenience to the Court or Adobe.  *See* Ex. C.  Thus, Rosebud's conduct over the course of the entire case does not demonstrate a history of dilatoriness and this factor does not weigh in favor of dismissal.

---

[9]  For example, every independent claim of the previously-asserted patent (i.e., the '760 patent) requires a "sequence number assigned to each . . . application level event[]" or a similar limitation.  The claims of the '699 patent at issue in the current litigation do not include these requirements and are therefore broader in what they encompass.  See Ex. E ('699 patent) and Ex. F ('760 patent).

The fourth factor, whether the conduct of the party or the attorney was willful or in bad faith, does not weigh in favor of dismissal. Adobe cites one e-mail, taken out of context, as evidence of bad faith.[10]   Def.'s Br. Mot. Dismiss at 19.   However, numerous other communications evidence Rosebud's eagerness to provide Adobe with the information it wanted and move the case forward. *See* Ex. A, Ex. B.   Thus, Adobe provides no legal authority or factual evidence to support any claim of bad faith (yet alone flagrant bad faith as needed for dismissal).

The fifth factor, effectiveness of resolutions other than dismissal, does not weigh in favor of dismissal. In applying this factor, "[c]ourts also examine the extent of the party's recent contact with the court – in that if a party has been continually non-responsive, it is therefore unlikely that an alternative sanction will change the party's behavior." *Sisk*, 2013 WL 240606, at *7. Rosebud continues to be in contact with the Court. As Judge Robinson suggested in the October 3, 2013 discovery conference, a remedy other than dismissal, moving the trial date and granting a stay that allows Adobe to delay responding to Rosebud's outstanding discovery responses until after the Court sets a new schedule, is more appropriate and has already been effectively levied.[11]   Rosebud certainly understands that the event deadlines in the new schedule will be firm and will not miss them.

---

[10]   In retrospect, Rosebud's counsel's choice of words was abrupt.   It would have been more polite to use different phraseology and inquire of Adobe's counsel simply why they desired Rosebud to file its amended complaint so quickly.

[11]   This remedy is consistent with the authorities from this Court. *See, e.g., Doran*, 2010 WL 1924473, at *3 (ordering a new scheduling order).   Adobe's request for the cost of this motion (Def.'s Br. Mot. Dismiss at 20), should be denied in light of their failure to meet and confer. *See Scarborough*, 747 F.2d at 878-79 (noting that an award of attorney's fees would be inequitable where defendants could have alleviated perceived deficiencies but instead concentrated on filing motions to dismiss).   Nor is there any authority for restricting Rosebud's ability to take discovery.   Such a remedy is impossible to craft at this early stage and threatens the integrity of the proceedings.

The sixth factor, the merits of the claims, does not weigh in favor of dismissal. Rosebud's claims are meritorious for the reasons identified in the Amended Complaint. At best, there remain issues of fact that make it too early for the Court to assess the merits of the claims. *See, e.g., Ware v. Donahue*, 2013 WL 3096187, at *4 (D. Del. 2013) (stating that "[a]t this juncture, there remain issues of fact and, therefore, it is uncertain if plaintiff's claim is meritorious" and concluding that the *Poulis* factors do not weigh in favor of dismissal); *Doran*, 2010 WL 1924473, at *2 (finding record too sparse to address merits of plaintiff's claims). Moreover, Adobe's arguments regarding the '760 patent, which is different from the '699 patent that is the subject of the current suit, should be disregarded. Def's. Br. Mot. Dismiss at 20. The claims of the '699 patent that Rosebud asserts in this litigation are distinct from those of the '760 patent and the infringement analysis is different. Thus, Adobe's arguments regarding the '760 patent have no bearing on the current litigation. Confirming this, Adobe provides no specific analysis or comparison of the claims of the '760 patent in its brief.

None of the *Poulis* factors, when applied to the facts of this case, supports dismissal. Moreover, any doubts should be decided in favor of reaching a decision on the merits, as dismissal under these circumstances would be an extreme penalty. *Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994) (dismissal for failure to prosecute is an extreme sanction that is only appropriate in limited circumstances, and doubts should be resolved in favor of reaching a decision on the merits); *see also Scarborough*, 747 F.2d at 875 (dismissal an "extreme sanction" that "deprives a party of its day in court"); *Doran*, 2010 WL 1924473, at *2 (same).

Finally, unlike in *Poulis*, where the Court determined that "plaintiffs' counsel was afforded many opportunities to cure the problems, but he has failed to do so," *Poulis*, 747 F.2d at

867, Rosebud had made every attempt to correct its mistakes. Once Adobe filed its Motion to Dismiss, which was the first time Adobe brought these issues to Rosebud's attention, Rosebud worked to cure the issues identified by Adobe by serving its patent and initial disclosures. The Court has already granted a stay and indicated that it would enter a new schedule with a later trial date.  No further remedy is necessary or appropriate.

## CONCLUSION

For the foregoing reasons, the Court should deny Adobe's motion to dismiss.

ROSENTHAL, MONHAIT & GODDESS, P.A.

Jessica Zeldin (Del. Bar No. 3558)
jzeldin@rmgglaw.com
919 Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
*Attorneys for Plaintiff*

OF COUNSEL:

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
Demetrios Anaipakos
Steven J. Mitby
Ariadne Montare
1221 McKinney, Suite 3460
Houston, Texas 77010
danaipakos@azalaw.com
smitby@azalaw.com
amontare@azalaw.com

SPANGLER & FUSSELL P.C.
James A. Fussell, III
211 N. Union Street, Suite 100
Alexandria, VA 22314
fussell@sfipfirm.com

SPANGLER & FUSSELL P.C.
Andrew W. Spangler
208 N. Green Street, Suite 300
Longview, TX 75601
spangler@sfipfirm.com

October 11, 2013