IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSEBUD LMS, INC., d/b/a ROSEBUD PLM, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civ. No. 12-1141-SLR |
| ADOBE SYSTEMS INCORPORATED, ) ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this 17th day of January, 2014, having reviewed the papers submitted in connection with the motion filed by defendant Adobe Systems Incorporated ("Adobe") to dismiss the first amended complaint filed by plaintiff Rosebud LMS, Inc. ("Rosebud"), I will grant in part and deny in part said motion for the reasons that follow:

1. **Background.** According to Rosebud, "[t]his case is about Adobe's theft of Rosebud's real-time collaboration technology, which allows multiple people to work together to edit a single document simultaneously over the internet." (D.I. 42 at 2) Prior to this litigation, the parties engaged in business discussions, through which Rosebud demonstrated its collaboration technology and shared other proprietary information, even allowing Adobe representatives to use the technology under a user agreement. In its first amended complaint, Rosebud claims that Adobe incorporated

this technology into its Acrobat product (thereby infringing("the '699 patent")[1] and its own patent application. Rosebud filed the original complaint on September 17, 2012, alleging infringement of the '699 patent, as well as breach of contract, conversion/theft of ideas and patent title, unjust enrichment, fraudulent misrepresentation or, alternatively, correction of inventorship under 35 U.S.C. § 256.

2. The parties have participated in mediation efforts[2] and have exchanged limited discovery to date. On the deadline for filing amended pleadings, Adobe filed an amended answer raising a statute of limitations defense as to all of Rosebud's non-patent claims. In response, Rosebud filed an amended complaint[3] which added paragraphs 64 through 69, wherein Rosebud asserts that its claims are not barred by the statute of limitations because "Rosebud did not discover, and, in an exercise of reasonable diligence, could not have discovered Adobe's wrongful conduct until at least November 2009, when Adobe announced publicly that it had enhanced its 'Acrobat' product." (D.I. 27) Adobe followed with its motion to dismiss.

3. **Discussion.** At the conclusion of briefing, Rosebud has implicitly conceded

---

[1]U.S. Patent No. 8,046,699.

[2]The parties were involved in prior litigation, which resolved through agreement. *See Rosebud LMS, Inc., d/b/a Rosebud PLM v. Adobe Systems Incorporated,* Civ. No. 10-404-GMS (D. Del.). Although the earlier case involved a different patent ("the '760 patent"), according to Adobe, "[t]he specifications of the '699 patent and the '760 patent are identical and the claims nearly identical." (D.I. 29 at 3 n.1) Adobe contends that Rosebud voluntarily dismissed this case "after Adobe made Collaborate Live source code available for purposes of demonstrating that Adobe did not infringe the '760 [p]atent." (*Id.* at 2)

[3]The amended pleading was untimely filed, but filed without objection by Adobe.

(by not addressing) that count VI as to inventorship[4] should be dismissed. With respect to counts III and IV, Rosebud agrees preemption applies to the extent the allegations of conversion and unjust enrichment are based on Adobe's procurement of its own patent. (D.I. 42 at 11)

4. As to counts III through V, Rosebud argues that "it did not discover, and could not reasonably have discovered, Adobe's wrongful conduct until at least November 2009, when Adobe publicly announced it had enhanced its 'Acrobat' product with 'new,' 'real-time' collaboration capabilities." (D.I. 42 at 9) Adobe counters with the argument that its "Collaborate Live" product launched in June 2008, that Adobe "'repeatedly touted' the technology at issue beginning in June 2008," and that Rosebud at the very least "should have known" of its claims over four years before it filed suit. (D.I. 45)

5. The prior suit filed by Rosebud against Adobe in May 2010 involved the same technology and similar claims (albeit a different patent) in the context of Adobe's "Collaborate Live" product. (Civ.. No. 10-404-GMS, D.I. 1) The parties resolved the prior case because Adobe demonstrated to Rosebud that the "Collaborate Live" product did not embody Rosebud's technology as disclosed in the '760 patent. I assume, from the papers submitted, that the Adobe products at issue in this litigation include the November 2009 "enhancements." I cannot discern from this record whether the "enhancements" have rendered the products at issue substantially different from "Collaborate Live" (i.e., no reasonable notice derived from the June 2008 launch), or whether the "enhancements" were either described in such a way or otherwise subject

---

[4]Correction of inventorship pursuant to 35 U.S.C. § 256, as Rosebud has not named any omitted joint inventor or alleged error without deceptive intent.

to public investigation so as to reasonably inform Rosebud of its potential claims (i.e., whether Rosebud should have known based on prior or publicly available information).

6. **Conclusion.** Under these circumstances, I grant the motion to dismiss as to count VI, and as to counts III and IV to the extent they are based on the prosecution of Adobe's '857 patent. I deny the motion to dismiss counts II through V to allow the parties to supplement the record as to the statute of limitations issue. In this regard, I will not dismiss count I (patent infringement) for failure to prosecute, as requested by Adobe. However, Rosebud clearly has been negligent in its litigation responsibilities. I will address those deficiencies, and the ramifications of such, at the status conference to be conducted consistent with the order that shall issue.

_____
United States District Judge